ORIGINAL

FILED

10 AUG 23 AM 8:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 10mj2722 |
|---|---|
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| ISRAEL GUADALUPE PEREZ RUIZ (2), | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on August 20, 2010 to determine whether defendant ISRAEL GUADALUPE PEREZ RUIZ (the "Defendant") should be held in custody pending trial on grounds that he is a flight risk and a danger to the community.

Assistant United States Attorney John R. Kraemer appeared on behalf of the United States. Mr. Michael McCabe appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services report, and the criminal complaint filed against the Defendant, the Court concludes that the following facts establish by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure the appearance of the Defendant as required based on a risk of flight. The Court further finds that based on the proffer of the Government, that Defendant poses a danger to the community.

//
//
//

## I.

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged [18 U.S.C. §3142 (g)(1)]</u>

1. The Defendant is charged in Criminal Complaint No. 10mj2722 with distribution of approximately 3 kilograms of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and aiding and abetting in violation of Title 18, United States Code, Section 2. Therefore there is probable cause to believe the Defendant committed the offense alleged in the complaint.

2. The charged offense is an offense for which there is a mandatory minimum term of 10 years to life imprisonment under the Controlled Substance Act (21 U.S.C. § 801 et. seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community s required. See, 18 U.S.C. § 3142(e).

3. The Government estimates that the Sentencing Guidelines range for the offense is approximately 235 to 293 months.

B. <u>Weight of the Evidence Against the Defendant [18 U.S.C. § 3142(g)(2)]</u>

The Government has proffered the following facts, among others, as contained in the complaint and/or at the hearing:

1. On August 12, 2010, Anthony Eddie Martinez (charged in a separate complaint), offered to sell 10 pounds of methamphetamine to a DEA confidential informant (hereafter "informant").

2. On the same date, an undercover DEA Task Force Officer showed $150,000 to Martinez.

3. Thereafter, codefendant Marco Gonzalez-Zamorano ("Zamorano") arrived at the Martinez residence and was seen removing items from the garage to make room for a vehicle to park inside.

4. Later, defendant RUIZ arrived in an Acura, registered to him, that contained a hollowed out compartment where the passenger air-bag would normally be located. Agents saw the garage door close.

5. According to the informant, RUIZ removed three containers containing methamphetamine from the Acura.

6. During their meeting, which was audio recorded, Zamorano and Martinez told the informant they only had half the methamphetamine but the additional methamphetamine was nearby and could be delivered after the first transaction was completed. During this meeting, Zamorano was recorded as saying that his cousin sent him to the deal to make sure that everything "goes well."

7. While under surveillance, Zamorano carried one container of methamphetamine to the informant's SUV near the residence while the informant carried two containers of methamphetamine to the vehicle.

8. Martinez and the informant then left the residence in Martinez' vehicle while Zamorano and RUIZ waited at Martinez' residence.

9. A marked San Diego Police unit stopped Martinez. Martinez resisted being removed from the vehicle and was heard yelling on his cell phone, "Get out!" At that time, other officers saw Zamorano and RUIZ walking hurriedly away from the Martinez residence.

10. Officers recovered approximately 6 pounds (3 kilograms) of methamphetamine from the SUV and took Zamorano and RUIZ into custody.

11. After his arrest, Martinez was advised of his Constitutional rights and made statements. Martinez told authorities that Zamorano was sent to oversee the methamphetamine transaction on behalf of the supplier. Martinez said RUIZ had driven the Acura into the garage and that RUIZ removed the methamphetamine from within the passenger compartment of the vehicle. Zomorano denied knowledge of any drug transaction. RUIZ invoked.

12. Defendant argues that the Government has made no proffer that RUIZ was engaged in negotiations or took part in the viewing of the money. As such, defendant proffers that if the Government's allegations are true, then RUIZ was the least involved of the defendants.

C. History and Characteristics of the Defendant [18 U.S.C. § 3142(g)(3)]

1. Defendant is a 23-year old United States citizen.

2. Defendant is a resident of Bakersfield, California where he resides with his child and a girlfriend and where he has strong ties. Defendant has proffered that his girlfriend is employed at a college and earns $9.00 per hour.

3. Defendant's sister and brother-in-law, who were present in the Courtroom, were proffered as sureties who would be willing to execute a $100,000 personal surety bond on behalf of defendant, or a $100,000 bond secured by their real property.

4. U.S. Pre-Trial Services reports that defendant has been unemployed for three years but Defendant has proffered that he has worked sporadically in construction and doing field work.

5. Defendant has a history of traffic violations including, as reported by U.S. Pre-trial Services, four cases involving a "bail forfeiture". Defendant has proffered that these bail forfeitures do not reflect defendant's failure to appear, but that defendant merely opted to pay the fine in lieu of appearing in Court.

6. In 2009, Defendant was convicted of carrying a concealed weapon, a misdemeanor, for which he was sentenced to one month in jail and three years probation. In October 2009 police responded to reports of shots fired at a party at a residence in Bakersfield. Officers found .380 caliber casings but no matching firearm. Pursuant to a consent search, officers found an unregistered loaded Beretta 9mm pistol in the center console of RUIZ's Tahoe.

## II.

## REASONS FOR DETENTION

A. There is probable cause Defendant committed the offense charged in the criminal complaint.

B. Defendant faces a substantial period of time in custody if convicted of the offense. Defendant therefore has a motive to flee.

C. Defendant's 2009 conviction for carrying a concealed weapon, together with his alleged involvement in the instant methamphetamine conspiracy, persuades the Court that Defendant poses a danger to the community.

D. Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe the Defendant committed an offense for which the term of imprisonment is 10 years to life as prescribed in the Controlled Substance Act (21 U.S.C. Section 801 et. seq.) that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings and the safety of the community.

## III.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained and committed to the custody of the Attorney General pending trial.

IT IS FURTHER ORDERED the Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in

09mg0977

1  connection with a court proceeding or any other appearance stipulated to by defense and
2  Government counsel.
3      This Order is without prejudice to a reapplication by Defendant for bail that is
4  based upon additional information and/or the availability of sureties and property.
5      IT IS SO ORDERED.

7  DATED: 8-20-2010

   HON. VICTOR E. BIANCHINI
   United States Magistrate Judge

Prepared by:

LAURA E. DUFFY
United States Attorney

JOHN R. KRAEMER
Assistant U.S. Attorney